**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>BANANA REPUBLIC, LLC,<br><br>Defendant. | No. 22-cv-7308<br><br>CLASS ACTION COMPLAINT |

Nicole Davis ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This action arises out of Banana Republic, LLC's ("Defendant" or "Banana Republic") failure to comply with the New York City Fair Workweek Law, Title 20, Chapter 12 of the New York City Administrative Code ("Fair Workweek Law").

2. This lawsuit seeks to recover damages for Plaintiff and similarly situated non-exempt hourly retail positions (collectively, "Retail Workers") who work or have worked for Banana Republic, LLC ("Banana Republic" or "Defendant") in New York City.

3. New York City passed the Fair Workweek Law to require retail employers to provide their employees with predictable schedules with advance notice. Banana Republic has

1

violated the Fair Workweek Law by failing to provide predictable schedules with at least 72 hours' notice, cancelling and/or shortening employees' shifts with less than 72 hours' notice, requiring an employee to work additional time with less than 72 hours' notice without written consent. *See* N.Y.C. Admin. Code §§ 20-1251, 20-1252.

4. Plaintiff brings this action on behalf of herself and all other similarly situated Retail Workers in New York City pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the Fair Workweek Law.

## THE PARTIES

**Plaintiff**

**Nicole Davis**

5. Nicole Davis ("Davis") is an adult individual who is a resident of the State of New York.

6. Davis has been employed by Banana Republic as an Hourly Worker since in or around August 2020.

7. Davis is a covered employee within the meaning of the Fair Workweek Law.

**Defendant**

**Banana Republic, LLC**

8. Banana Republic, LLC is a foreign business corporation organized and existing under the laws of Delaware.

9. Banana Republic, LLC's principal executive office is located at 2 Folsom Street, San Francisco, California 94105.

10. Banana Republic, LLC was and is a covered employer within the meaning of the Fair Workweek Law, and at all times relevant, employed Plaintiff and similarly situated

employees.

11. Banana Republic, LLC is a "retail employer" under the Fair Workweek Law because it has over 20 or more employees and is engaged primarily in the sale of consumer goods at one or more stores within New York City. N.Y.C. Admin. Code §20-1201.

12. Banana Republic, LLC has maintained control, oversight, and direction over Plaintiff and Retail Workers, including timekeeping, payroll, and other employment practices that applied to them.

13. Banana Republic, LLC applies the same employment policies, practices, and procedures to all Retail Workers in its operation, including policies, practices, and procedures with respect to scheduling.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

15. There are over 100 members in the proposed class.

16. Defendant is subject to personal jurisdiction in New York.

17. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

18. Plaintiff brings the First, Second, and Third Causes of Action, Fair Workweek

claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Retail Workers for Banana Republic, LLC in New York City between April 18, 2020[1] and the date of final judgment in this matter (the "New York Class").

19. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

20. There are more than fifty members of the New York Class.

21. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

22. Plaintiff and the New York Class have all been injured due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

23. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

24. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

26. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendant failed to provide each employee with advance notice of schedule, pursuant to N.Y.C. Admin. Code § 20-1252.
> (b) whether Defendant maintained records that document its compliance with each of the above requirements of the Fair Workweek Law for three years, pursuant to N.Y.C. Admin. Code § 20-1206(a).
> (c) whether Defendant cancelled or reduced the hours of Retail Worker's shifts in violation of N.Y.C. Admin. Code § 20-1251.
> (d) whether Defendant obtained written consent to work additional time outside of their schedule, pursuant to N.Y.C. Admin. Code § 20-1251.

## PLAINTIFF'S FACTUAL ALLEGATIONS

27. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Nicole Davis**

28. Davis has been employed at the Banana Republic store located in Brooklyn, New York as an hourly retail employee since approximately August 2020.

29. Banana Republic regularly failed to post at the workplace and provide Davis with a written work schedule at least 72 hours before the first day of each schedule in violation of N.Y.C. Admin. Code § 20-1252.

5

30. During Davis's employment, Banana Republic regularly cancelled and/or shortened Davis's schedule by more than 15 minutes with less than 72 hours' notice in violation of N.Y.C. Admin. Code § 20-1251.

31. For example, as shown below, on October 16, 2021 at 2:31p.m., Banana Republic notified Davis that her scheduled shift on October 17, 2021 at 2:30p.m. was cancelled, in violation of N.Y.C. Admin. Code § 20-1251.



32. Banana Republic also required Davis to work additional time with less than 72 hours' notice and without obtaining written consent in advance, in violation of N.Y.C. Admin. Code § 20-1251.

**FIRST CAUSE OF ACTION**
**Fair Workweek Law**
**Advance Notice of Work Schedules**
**(Brought on behalf of Plaintiff and the New York Class)**

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. Banana Republic is required to provide employees with written notice of their work schedules at least 72 hours before the first day of each schedule. N.Y.C. Admin. Code § 20-1252.

35. Banana Republic is also required to maintain records of each written schedule provided to each employee. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(1)(iii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

36. Banana Republic committed a violation of Section 20-1252 of the Fair Workweek Law each week it failed to provide each employee with that employee's written work schedule 72 hours in advance.

37. Due to Defendant's violations of the Fair Workweek Law, Plaintiff and the New York Class have been deprived of a predictable work schedule and are entitled to recover from Defendant compensatory damages and any other relief required to make the employee whole, and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**Fair Workweek Law**
**Shift Shortenings and/or Cancellations**
**(Brought on behalf of Plaintiff and the New York Class)**

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39. With limited exception, Banana Republic could not cancel or reduce the hours in

an employee's shift by more than 15 minutes less than 72 hours before the start of the shift. N.Y.C. Admin. Code § 20-1251.

40. Banana Republic committed a violation of Section 20-1251 of the Fair Workweek Law each week it cancelled or reduced an employee's shift by more than 15 minutes less than 72 hours in advance.

41. Due to Defendant's violations of the Fair Workweek Law, Plaintiff and the New York Class have been deprived of a predictable work schedule and are entitled to recover from Defendant compensatory damages and any other relief required to make the employee whole, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### Fair Workweek Law
### Additional Work Time
### (Brought on behalf of Plaintiff and the New York Class)

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. Banana Republic could not require Retail Workers to work additional time within 72 hours before the start of a shift, without obtaining written consent in advance of the additional time.

44. Banana Republic committed a violation of Section 20-1251 of the Fair Workweek Law each time it required an employee to work additional time with less than 72 hours' notice and failed to obtain written consent in advance.

45. Due to Defendant's violations of the Fair Workweek Law, Plaintiff and the New York Class have been deprived of a predictable work schedule and are entitled to recover from Defendant compensatory damages and any other relief required to make the employee whole, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C. Compensatory damages and any other relief required to make Retail Workers whole;

D. Pre-judgment and post-judgement interest, as provided by law; and

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       December 2, 2022

Respectfully submitted,

 /s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*